#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CYNTHIA REDD, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>AMAZON WEB SERVICES, INC., a Delaware Corporation<br><br>    Defendant. | Case No. _____<br><br><br>Honorable _____<br>_____ |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Amazon Web Services, Inc. ("AWS"), by and through its attorneys, Perkins Coie LLP, hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

By filing this notice, AWS does not concede any allegation, assertion, claim, or demand for relief in the Complaint of plaintiff Cynthia Redd, or that any damages exist. Further, AWS expressly denies that it has violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). AWS intends to defend this matter vigorously, and AWS reserves all defenses and objections to the allegations, assertions, claims, demands for relief, and supposed damages set forth in the Complaint.

### I.   THE STATE COURT ACTION

On September 1, 2022, plaintiff, on behalf of herself and allegedly similarly situated individuals, filed this action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under the caption *Cynthia Redd v. Amazon Web Services, Inc.*, Case No. 2022-CH-08721. *See* **Ex. A** (Complaint).

Plaintiff's claims arise from AWS's provision of services to Wonolo, Inc., a company that allegedly provides "a mobile job placement application." Ex. A ¶ 2. According to plaintiff,

Wonolo used AWS's cloud-based software service, Rekognition, to verify the identities of Wonolo users who interacted with the Wonolo application. *See id.* ¶¶ 3-8. Plaintiff contends that, by providing the Rekognition service to Wonolo, AWS violated Sections 15(a), 15(b), 15(c), and 15(d) of BIPA. In particular, plaintiff alleges that, by providing the Rekognition service to Wonolo, AWS (1) violated Section 15(a) of BIPA by possessing plaintiff's biometric data without developing and adhering to a publicly available retention and deletion schedule, *see id.* ¶¶ 83-91; (2) violated Section 15(b) of BIPA by collecting plaintiff's biometric data without first informing plaintiff of the purpose and length of time for the collection and obtaining a written release from plaintiff, *see id.* ¶¶ 92-101; (3) violated Section 15(c) of BIPA by profiting from plaintiff's biometric data, specifically, by using plaintiff's data to enhance AWS's "machine learning and AI technologies, including but not limited to Rekognition," *id.* ¶¶ 102-110; and (4) violated Section 15(d) of BIPA by disclosing plaintiff's biometric data without her consent, *see id.* ¶¶ 111-119.

       Plaintiff brings this action as a putative class action, seeking to represent a proposed class of "[a]ll individuals enrolled in the Wonolo application in the State of Illinois who had their facial geometry collected, captured, received, or otherwise obtained, maintained, stored, used or disclosed by AWS during the applicable statutory period." *Id.* ¶ 73. She alleges that "the total number of putative class members exceeds fifty (50) individuals," that the "class is so numerous that joinder of all members is impracticable," and that the class certification factors are otherwise met. *Id.* ¶¶ 75-82. For relief, plaintiff seeks declaratory relief, statutory damages, injunctive and equitable relief, attorneys' fees and costs, and pre- and post-judgment interest. *See id.* at 25 ("Prayer for Relief").

       Plaintiff served her Complaint on the registered agent of AWS on November 2, 2022. *See* **Ex. B** (Summons to AWS).

## II.    GROUNDS FOR REMOVAL

**A.    This action is removable under 28 U.S.C. § 1332(a)(1) and 1441(b).**

This case is properly removed under 28 U.S.C. §§ 1332(a)(1) and 1441(b) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest. *See Fernandez v. Kerry, Inc.*, No. 17 C 8971, 2020 WL 1820521, at *3-4 (N.D. Ill. Apr. 10, 2020).

**1.    There is complete diversity of citizenship.**

Plaintiff is a citizen of Illinois. *See* Ex. A ¶ 22. AWS is a corporation incorporated in Delaware, *see id.* ¶ 1, with its principal places of business in Seattle, Washington. AWS is therefore a citizen of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1). Because AWS is a citizen of Delaware and Washington, and plaintiff is a citizen of Illinois, the parties are completely diverse. *See Fernandez*, 2020 WL 1820521, at *3.

**2.    The amount in controversy exceeds $75,000.**

The Complaint makes clear that the amount in controversy for plaintiff's individual claims against AWS exceeds $75,000, as required by 28 U.S.C. § 1332(a).

**First,** plaintiff seeks statutory damages. BIPA provides for "liquidated damages of $5,000" "for each violation" that is committed "intentionally or recklessly." 740 ILCS 14/20, 14/20(2). Here, the Complaint alleges the following with respect to plaintiff:

- AWS allegedly violated Section 15(a) of BIPA, *see* Ex. A ¶¶ 83-91;
- AWS allegedly violated Section 15(b) of BIPA, *see id.* ¶¶ 92-101;
- AWS allegedly violated Section 15(c) of BIPA, *see id.* ¶¶ 102-110;
- AWS allegedly violated Section 15(d) of BIPA, *see id.* ¶¶ 111-119; and
- AWS allegedly committed the above violations intentionally or recklessly, *see id.* at 25 (seeking declaration that "AWS's actions, as set forth above, were intentional and/or reckless").

Accordingly, plaintiff alleges that up to $20,000 in statutory damages are in controversy based on her individual claims against AWS alone (four purported BIPA violations multiplied by $5,000 in statutory damages).

**Second,** plaintiff seeks attorney's fees and costs. *See id*. at 25; *see also* 740 ILCS 14/20(3) (prevailing parties may recover "reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses" under BIPA). "Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages." *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998). Thus, in calculating the amount in controversy, this Court may consider the attorneys' fees that plaintiff's four-attorney legal team has incurred for investigating plaintiff's claims, preparing and filing the Complaint, and other pre-removal tasks. While AWS cannot know precisely the fees incurred, this Court should assume that those fees are substantial and potentially in excess of the jurisdictional amount, particularly given the size of the legal team.

**Finally**, plaintiff seeks injunctive relief. *See* Ex. A at 25 (seeking "injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class"). This Court may consider the costs of that relief when calculating the amount in controversy. *See Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004) (explaining that "the cost a defendant incurs in complying with injunctive relief is a legitimate consideration in a jurisdictional inquiry"). And those costs substantially increase the amount in controversy in this case. For example, the putative class is defined to include "all individuals" in Illinois who used the Wonolo application and "had their facial geometry collected, captured, received, or otherwise obtained, maintained, stored, used, or disclosed by AWS during the applicable statutory period." *Id*. ¶ 73. Plaintiff's putative class thus encompasses any Illinois resident who used Wonolo's "on-demand web-based staffing platform" to "apply for an accept temporary jobs" across "multiple industries" including, but not limited to, "retail, delivery services, administrative tasks, general laborers, [and] event staffing." *Id*. ¶ 3, 75. In addition, the gravamen of plaintiff's Complaint is that AWS's business model of providing Rekognition as a cloud-based service to

its customers, including Wonolo, somehow violates BIPA. The broad sweep of plaintiff's allegations, and her theory of the case, means that compliance with any injunctive relief that might hypothetically be ordered (though AWS vigorously denies that plaintiff is entitled to any such relief) could easily overtake the jurisdictional amount.

In short, it is apparent from the Complaint that the amount in controversy for plaintiff's individual claims against AWS exceeds $75,000. *See, e.g.*, *Fernandez*, 2020 WL 1820521, at *3; *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 770 (N.D. Ill. 2019) (removal was proper where "recovery, although uncertain, remains plausible based on [plaintiff's] allegations and an expansive reading of BIPA's damages provision").

**B.     This action is also removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.**

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA grants federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). Because all these requirements are met, and because AWS has met all other requirements, CAFA authorizes the removal of this action.

**1.     This is a putative class action in which the aggregate number of proposed class members is 100 or more.**

This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more

representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed this action under 735 ILCS 5/2-801, *see* Ex. A ¶ 71, which allows "for the maintenance of a class action" when the alleged "class is so numerous that joinder of all members is impracticable"; "[t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members"; "[t]he representative parties will fairly and adequately protect the interest of the class"; and "[t]he class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(1)-(4). Because that law's requirements are "patterned" after Federal Rule of Civil Procedure 23, *Smith v. Illinois Cent. R.R. Co.*, 860 N.E.2d 332, 338 (Ill. 2006), it is a "similar State statute" under CAFA.

It is equally clear that the number of proposed class members exceeds 100. As noted above, plaintiff defines her proposed class to include "[a]ll individuals enrolled in the Wonolo application in the State of Illinois who had their facial geometry collected, captured, received, or otherwise obtained, maintained, stored, used or disclosed by AWS during the applicable statutory period." *Id.* ¶ 73. Plaintiff herself alleges that "[t]he total number of putative class members *exceeds* fifty (50) individuals" and is "so numerous that joinder of all members is impracticable." *Id.* ¶¶ 74-75 (emphasis added). Further, when plaintiff recently sued Wonolo under BIPA and Wonolo removed that case to federal court, Wonolo filed a declaration, under oath, stating that "[b]etween January 1, 2020 . . . and May 31, 2021" alone, "more than 1,060 individuals who registered to use the [Wonolo application] in Illinois completed at least one job posted on the" Wonolo application. Notice of Removal, *Redd v. Wonolo, Inc.*, No. 1:22-cv-00292, Dkt. 1 at 4 (N.D. Ill. Jan. 18, 2022) ("*Redd v. Wonolo* Notice of Removal").[1] Because plaintiff contends that all individuals enrolled in the Wonolo application are "required" to "have their facial geometry scanned," *see* Ex. A at ¶ 40, it follows that plaintiff's putative class, as

---

[1] The Court may take judicial notice of the *Redd v. Wonolo* Notice of Removal and supporting documents, which plaintiff did not and cannot challenge. *See* Fed. R. Civ. P. 201(b) (explaining that the "court may judicially notice a fact that is not subject to reasonable dispute because it" can "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

defined in the Complaint, includes at least 1,060 members. Thus, while AWS does not concede that the proposed class is certifiable, lawful, or otherwise proper, and while AWS does not concede that it collected, captured, received or otherwise obtained, maintained stored, used or disclosed putative class members' facial geometry, it is clear that plaintiff's proposed class includes more than 100 individuals. *See Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 542 (7th Cir. 2006) (the Court may rely on affidavits in determining jurisdiction); *see also Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) (the Court and defendants may rely on plaintiff's allegations).

      **2.**      **The amount in controversy exceeds $5,000,000.**

CAFA permits courts to aggregate the claims of putative individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." 740 ILCS 14/20. Removing defendants' burden to demonstrate the amount in controversy is low, and defendants need show only that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Cop. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted).

Here, plaintiff alleges that AWS committed intentional or reckless BIPA violations, each of which could incur up to $5,000 in statutory damages. And as explained above, more than 1,060 individuals who registered to use the Wonolo application in Illinois completed at least one job posted on the Wonolo application between January 1, 2020 and May 31, 2021 alone, *see* Ex. C at 4, and plaintiff contends that all those individuals are putative class members because they necessarily had their "facial geometry scanned," Ex. A at ¶ 40. This case therefore easily meets CAFA's amount-in-controversy requirement because $5,000 multiplied by 1,060 totals $5,300,000—and plaintiff has alleged more than one violation per putative class member.

Although AWS does not concede that there is even a single Illinois resident whose "facial geometry" was collected or otherwise used as alleged in the Complaint, *see* Ex. A ¶ 73, and thus does not concede there is even a single member of the putative class, for removal purposes, the aggregated claims of the putative class establish that the amount in controversy exceeds $5,000,000. *See, e.g.*, *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible"); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

3. **The parties are minimally diverse.**

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). As established above, *see supra* at IIA1, plaintiff is a citizen of Illinois and AWS is a citizen of Delaware and Washington. Thus, the parties are minimally diverse under CAFA.

4. **None of CAFA's exceptions bars removal of this action.**

This action does not fall within any exclusion to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) precludes a district court from exercising CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" *and* "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B)

(similarly excluding cases where "two thirds or more of" the class members *and* "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because AWS is not a citizen of Illinois, where this action was filed. *See, e.g.*, *Sabrina Roppo*, 869 F.3d at 585 ("local controversy" exception did not apply where the primary defendant was not a citizen of Illinois).

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Ex. A ¶¶ 40-53 (asserting claims for BIPA violations).

Accordingly, removal is proper because none of CAFA's exceptions applies.

**C.  Venue is proper in this Court.**

The Northern District of Illinois, Eastern Division, is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Cook County, Illinois, County Department, Chancery Division, where plaintiff commenced this action. *See* 28 U.S.C. §§ 93(a)(1), 1442(a).

**D.  AWS has satisfied all other requirements of the removal procedure.**

Finally, removal is procedurally proper because AWS has satisfied all requirements. First, this Notice of Removal is timely filed. AWS was served with a copy of the Complaint and Summons on November 2, 2022. *See* Ex. B. AWS subsequently filed and served this Notice of Removal within 30 days of service of the Complaint, in accordance with 28 U.S.C. § 1446(b).

Second, AWS has filed with this Notice of Removal true and correct copies of all process, pleadings, and orders served upon them in the state-court action. In the state-court action, plaintiff has filed the Complaint, attached as Exhibit A, a notice of motion, and motion

for class certification, and the Circuit Court has issued the Summons, attached as Exhibit B, and an Order entering and continuing generally the motion for class certification. These materials are attached as **Exhibits C**. A true and correct copy of the state court docket is attached as **Exhibit D**.

Finally, as required by 28 U.S.C. § 1446(d), AWS will promptly serve on plaintiff and file with the Cook County Circuit Court a "Notice of Removal to Federal Court," and will file with this Court a Certificate of Service of Notice of Removal to Federal Court pursuant to Federal Rule of Civil Procedure 5(d).

### III. RESERVATION OF RIGHTS AND DEFENSES

AWS expressly reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of plaintiff's allegations or waiving any of AWS's defenses. *See Brill*, 427 F.3d at 448. AWS also reserves its rights to amend or supplement this Notice of Removal.

### IV. CONCLUSION

For the foregoing reasons, AWS respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois. AWS further requests whatever other relief the Court deems appropriate.

AMAZON WEB SERVICES, INC.


By: */s/ Kathleen A. Stetsko*
    Kathleen A. Stetsko

**PERKINS COIE LLP**
Ryan Spear
RSpear@perkinscoie.com
Nicola Menaldo
NMenaldo@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Kathleen A. Stetsko
KStetsko@perkinscoie.com
110 N Upper Wacker Dr Suite 3400,
Chicago, IL 60606
Telephone: 312.324.8400
Facsimile: 312.324.9400

## CERTIFICATE OF SERVICE

      I hereby certify that, on December 2, 2022, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF. I also certify that I caused the foregoing to be served by email to the following attorneys:

Ryan F. Stephan
Catherine T. Mitchell
Mohammed A. Rathur
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza
Suite 2150
Chicago, IL 60606
T: (312) 233-1550
rstephan@stephanzouras.com
cmitchell@stephanzouras.com
mrathur@stephanzouras.com

David A. Neiman
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
dneiman@rblaw.net

                                                    */s/ Kathleen A. Stetsko*
                                                    Kathleen A. Stetsko