# Exhibit G

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
# COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| Angela Hogan and B.H., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 21 CH 02330 |
| v. | ) | Hon. Caroline Kate Moreland |
| | ) | Judge Presiding |
| Amazon.com, Inc., | ) | Cal. 10 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Amazon.com Inc. ("Amazon") brought this motion to dismiss Plaintiffs Angela Hogan's and B.H.'s amended complaint (the "Complaint"), pursuant to Section 2-619.1.

## I. Background

The allegations in this Complaint and a companion case being heard in federal court[1] subject to 740 ILCS 14/15 (b) relate to Amazon Photo services' use and collection of Plaintiffs' photographs and extractable biometric identifiers relating to individuals facial geometry. Amazon does not dispute that an individual's facial geometry derived through its facial recognition algorithm(s) are considered a biometric identifier and biometric information under the Biometric Information Privacy Act ("BIPA") 740 ILCS 14/1 *et seq*.

Plaintiffs allege that beginning in 2014 Amazon allowed users of its Amazon Prime Service to upload and store their photos on Amazon controlled servers. Beginning in 2015 Amazon began developing their own facial recognition software known as Rekognition. By 2016 Rekognition was fully integrated into Amazon's photo services. Beginning in 2017, Amazon, through its Amazon Web Services platform began licensing its Rekognition software to third parties including other businesses and government agencies. Rekognition was created, programmed, and improved using the billions of photos uploaded through Amazon Photos. Thus, Plaintiffs' and the classes' biometric identifiers were "obtained, stored, and analyzed" by Rekognition.

Plaintiffs have a two count putative class action complaint pending before this Court, alleging that Amazon violated BIPA sections 15(a) and (c). BIPA grants an individual a private right of action for each violation of the Act. 740 ILCS 14/20. Count I of the complaint alleges that Amazon violated BIPA section 15 (a) by failing to make publicly available their biometric information retention and destruction policy. Count II of the complaint alleges that Amazon violated BIPA section 15 (c) by profiting from the use of Plaintiffs' facial geometries in its software products.

---

[1] *Hogan v. Amazon.com, Inc.*, No. 21 C 3169 (N.D. Ill.)

## II. Motion to Dismiss

Amazon has filed a motion pursuant to section 2-619.1 of the Illinois Code of Civil Procedure. Amazon is moving to dismiss the Complaint pursuant to 735 ILCS 5/2-615 because Plaintiffs have failed to allege that they are an aggrieved party, or that Amazon has profited from their biometric information. Pursuant to 735 ILCS 5/2-619 Amazon argues that they are misnamed and it should be Amazon.com Services LLC named in the complaint since they operate Amazon Photos. Not Amazon.com LLC. Amazon also argues that Count I should be dismissed because there *is* a publicly available retention policy as to their storage of Biometric Information.

### *735 ILCS 5/2-615*

"A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint." *Yoon Ja Kim v. Jh Song*, 2016 IL App (1st) 150614-B ¶ 41. Motions brought under Section 2-615 do not raise affirmative factual defenses. Id. Rather, "[a]ll well-pleaded facts and all reasonable inferences from those facts are taken as true. Where unsupported by allegations of fact, legal and factual conclusions may be disregarded." *Kagan v. Waldheim Cemetery Co.*, 2016 IL App (1st) 131274 ¶ 29. "In determining whether the allegations of the complaint are sufficient to state a cause of action, the court views the allegations of the complaint in the light most favorable to the plaintiff. Unless it is clearly apparent that the plaintiff could prove no set of facts that would entitle him to relief, a complaint should not be dismissed." *Id*.

*Count I*

Amazon argues that Count I of Plaintiffs' Complaint should be dismissed pursuant to section 2-615 because Plaintiffs are not aggrieved parties based on Plaintiffs' alleged violation of this section. BIPA section 15 (a) requires that:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines

These BIPA imposed requirements are duties that Amazon owes to the Plaintiffs. *See Bier v. Leanna Lakeside Property Ass'n*, 305 Ill. App. 3d 45, 58-59 (2nd Dist. 1999). The damages for

a violation of BIPA section 15 (a)-(e) is provided by BIPA section 20 (1) which provides: "Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court . . . against an offending party. A prevailing party may recover for each violation . . . against a private entity that negligently violates a provision of this Act, liquidated damages of $ 1,000 or actual damages, whichever is greater." 740 ILCS 14/20. BIPA section 20 (2) provides a greater penalty for intentional or reckless conduct. *Id*;

A mere violation of BIPA's requirements aggrieves a plaintiff and provides a plaintiff with a right of action. *Rosenbach v. Six Flags Entm't. Corp.*, 2019 IL 123186, ¶ 33. The *Rosenbach* court reasoned that

> Through the Act, our General Assembly has codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information. See *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 953 (N.D. Cal. 2018). The duties imposed on private entities by section 15 of the Act (740 ILCS 14/15 (West 2016)) regarding the collection, retention, disclosure, and destruction of a person's or customer's biometric identifiers or biometric information define the contours of that statutory right. Accordingly, when a private entity fails to comply with one of section 15's requirements, that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach. Consistent with the authority cited above, such a person or customer would clearly be "aggrieved" within the meaning of section 20 of the Act (*id.* § 20) and entitled to seek recovery under that provision. No additional consequences need be pleaded or proved. The violation, in itself, is sufficient to support the individual's or customer's statutory cause of action.

Because Plaintiffs plead that Amazon never created a compliant written retention schedule for the permanent deletion of their Plaintiffs' information they have plead a violation of BIPA.

*Count II*

BIPA section 15 (c) states "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." Plaintiffs' complaint is rife with allegations on how Amazon built its Rekognition Software on Plaintiffs' biometric information. But the Court agrees that nothing in the pleadings indicate that the biometric information is being directly sold to any third party. Rekognition is, but Rekognition in and of itself is a set of algorithms. Plaintiffs do not plead that any of their biometric information is sold alongside Rekognition. The Court does not find that a set of algorithms created using biometric information, but not containing any biometric information itself falls under section

15 (c). A database is different from an algorithm. Databases generally contain actual information. Whereas, an algorithm is derived from a set of information but does not store the information it was derived from. The Court when making this statement chooses not to follow *Vance v. Amazon.com Inc.*, 534 F. Supp. 3d 1314, 1324 (W.D. Wash. 2021). Plaintiffs must plead some facts leading to the inference that their "biometric data is itself so incorporated into Amazon's product that by marketing the product, it is commercially disseminating the biometric data." *Id*. Therefore, the Court will dismiss Count II without prejudice. If Plaintiffs' can plead facts showing that Plaintiffs' biometric information is sold in or alongside Rekognition the Court will allow Plaintiffs to replead this count.

*735 ILCS 5/2-619*

A section 2-619 motion to dismiss "admits the legal sufficiency of the complaint and affirms all well-pled facts and their reasonable inferences, but raises defects or other matters either internal or external from the complaint that would defeat the cause of action." *Cohen v. Compact Powers Sys., LLC*, 382 Ill. App. 3d 104, 107 (1st Dist. 2008). A dismissal under section 2-619 permits "the disposal of issues of law or easily proved facts early in the litigation process." *Id*. Section 2-619(a) authorizes dismissal where the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9). Pursuant to 735 ILCS 5/2-619, Amazon argues that Plaintiffs have named the wrong party in their Complaint.

According to the affidavit attached to their Motion. Amazon.com Services, LLC operates Amazon Photos. *See Motion* Exhibit D, Affidavit of David Henri Ray Chrisotl ¶ 3. Plaintiffs point out that the Amazon Photos' terms of service states "This is an agreement between you and Amazon.com Services LLC (together with its affiliates . . .)". *See Motion* Exhibit A. Amazon states that Amazon.com Services LLC is a wholly owned subsidiary of Amazon. *See Motion* Exhibit D, Affidavit of David Henri Ray Chrisotl ¶ 4. Based on Amazon's exhibits Plaintiffs argue that the term *affiliate* would create the inclusion of Amazon.com LLC, the named Defendant, and Amazon.com Services LLC, the proposed defendant.

The Court finds Plaintiffs' argument that *affiliate* is broad enough to cover both Amazon and Amazon.com Services LLC persuasive. For example, Plaintiffs plead that Rekognition is sold through Amazon Web Services, Inc. *See* Complaint ¶ 31. Amazon Web Services is *another* wholly owned subsidiary of Amazon. *See Motion* Exhibit E. Based on this the Court can infer that Plaintiffs' biometric information could have potentially been possessed by multiple amazon entities, *i.e.*, both Amazon.com and Amazon.com Services LLC to develop Rekognition. Further, the Court will allow Plaintiff to amend their complaint to add Amazon.com Services LLC as a defendant as was requested in the briefing.

Lastly, Amazon argues that Count I should be dismissed because they did post a compliant, publicly available retention and destruction policy for Plaintiffs' biometric information. *See* Motion Exhibit C. The Policy States:

**File Retention Policy**

File retention Policy for Amazon Drive, Amazon Photos, Amazon Prints, and Family Vault.

Amazon Drive keeps files for accounts that have an active subscription status, are within the allotted storage quota, and are not in violation of the Terms of Use.

**Notes**: We may reduce the time period for which we keep files in accounts that violate the Amazon Drive 7 Amazon Photos Terms of Use. However, account holders are notified prior to files being deleted

**Over Quota**

Over quota means accounts that have stored more files than their subscription or grant allows.

| File Retention Policy | Resolution |
|---|---|
| An account that exceeds the storage quota can log in and download files, but cannot upload, sync, or share files.<br><br>After 180 days in an over-quota status, files are deleted (starting with the most recent uploads) until your account is no longer over quota. Account holders are notified prior to file deletion. | Within 180 days of being in an over-quota status, the account holder can upgrade the storage plan or delete files. |

**Abandoned**

The account holder has not uploaded, downloaded, or signed in to the account in the last 2 years.

| File Retention Policy | Resolution |
|---|---|
| The account holder will be notified by email upon 18 months (547 days) of inactivity. | Customer re-activates account. |

| After 2 years (730 days) of inactivity, all files will be deleted. Account holders are notified prior to file deletion. | |
|---|---|

Amazon also points to the terms of use for Amazon Photos which state:

> [Amazon] retain[s] image recognition data, including data about the faces, in the photos you store using the Services until you disable the image recognition features or your account's access to the Services is terminated. If your image recognition features are disabled, [Amazon] will stop storing image recognition data for you, and [Amazon] will not tag any new photos uploaded to your account. *See Motion* Exhibit A § 1.1.

Plaintiffs argue that the above policies do not satisfy BIPA § 15 (a) because: 1) the terms of use do not incorporate the data retention schedule; 2) the file retention policy is silent as to the biometric information culled from users files uploaded to Amazon Photos; and 3) the terms of use and retention policy are silent as to when their biometric data is deleted from Rekognition. The Court finds that all three of the arguments fail.

Nothing in BIPA § 15 (a) indicates that the publicly available retention schedule *must* be incorporated into a terms of use. Further, nothing plead in Plaintiffs' Complaint shows how Amazon deleting Plaintiffs' files *does not* result in the deletion of their biometric information. Lastly, the Court does not find the Plaintiffs have plead any facts or facts with reasonable inferences that lead the Court to believe the Rekognition itself contains any individual biometric information. Therefore, Count I will be dismissed without prejudice on this basis..

## III. Conclusion

1. Defendant's motion to dismiss is Granted in part and Denied in part;
2. Count I and Count II are dismissed without prejudice;
3. Plaintiffs have 28 days to file an Amended Complaint.



Entered: _____
Judge Caroline Kate Moreland

6