IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA REDD, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-06779 |
| Plaintiff, | Honorable Elaine E. Bucklo |
| v. | |
| AMAZON WEB SERVICES, INC., | |
| Defendant. | |

**PLAINTIFF'S MOTION TO REMAND**

**I.      INTRODUCTION**

Named Plaintiff, Cynthia Redd ("Plaintiff"), individually and on behalf of all others similarly situated, pursuant to 28 U.S.C. § 1447(c), hereby respectfully moves for entry of an Order remanding her claims brought pursuant to Section 15(c) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/15(c), to the Circuit Court of Cook County, Illinois.

Section 15(c) of BIPA prohibits private entities in possession of biometric identifiers and information from selling, trading, or otherwise profiting from individuals' biometric data. 740 ILCS 14/15(c). It is well established that where a plaintiff alleges only a statutory violation under Section 15(c), and no actual damages or particularized injury, she does not have Article III standing to pursue those claims in federal court. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1248 (7th Cir. 2021). Here, Plaintiff has alleged a procedural violation of Section 15(c)—namely, that Defendant, Amazon Web Services, Inc. ("Defendant" or "AWS") unlawfully profits from Plaintiff's and other Illinois Wonolo users' biometric identifiers and biometric information (collectively referred to herein as "biometric data" or "biometrics"). As a result, binding Seventh

1

Circuit precedent dictates that Plaintiff lacks Article III standing to pursue her Section 15(c) BIPA claims in federal court. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's Section 15(c) BIPA claims, and they must be severed and remanded to the Circuit Court of Cook County, Illinois.

## II.     RELEVANT BACKGROUND

Plaintiff filed her original Complaint in the Circuit Court of Cook County, Illinois on September 1, 2022, alleging that Defendant violated Sections 15(a)-(d) of BIPA, stemming from AWS's collection, obtainment, storage, use, disclosure and profiting off Plaintiff's facial geometry scans. *See* Dkt. No. 1-1, Plaintiff's Class Action Complaint ("Compl.") at ¶¶ 3, 5-9, 19, 39-40, 43-44, 46, 48, 55-61, 63-65, 84-90, 93-100, 103-109, 112-118. On December 2, 2022, AWS removed this case to the United States District Court for the Northern District of Illinois, pursuant to the Class Action Fairness Act ("CAFA") 28 U.S.C. §§ 1332(d) and 1453(b). *See* Dkt. No. 14, Notice of Removal. On January 17, 2023, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(2) and 12(b)(6). *See* Dkt. No. 17, AWS's Motion to Dismiss. Contemporaneously with the instant motion, Plaintiff submitted her opposition to Defendant's motion to dismiss.

As is relevant here, Plaintiff's Complaint alleges that Defendant violated BIPA's Section 15(c), which prohibits private entities from selling, leasing, trading, or otherwise profiting from an individual's biometric data. 740 ILCS 14/15(c). Compl. ¶¶ 9-10, 33, 39, 44-46, 62, 64, 66, 103-109.

## III.    LEGAL STANDARD

If, in a removed case, a district court finds that it lacks subject matter jurisdiction at any time, the only remedy is to remand to state court. *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F. 3d 1134, 1142 (7th Cir. 1994). Article III standing is a threshold element of federal

subject matter jurisdiction. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). Therefore, where a Plaintiff lacks Article III standing, federal courts lack subject matter jurisdiction over that claim. *Figeuroa v. Kronos, Inc.*, No. 19-cv-1306, 2020 WL 4273995, at *2 (N.D. Ill. July 24, 2020) (A "federal court has subject matter jurisdiction over a claim only if the plaintiff has Article III standing to bring it") (citing *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019)). Thus, if at any time Article III standing is lacking over a removed claim, the appropriate disposition is to remand that claim to the originating state court. *See* 28 U.S.C § 1447(c); *Collier*, 889 F.3d at 897; *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010).

**IV.   ARGUMENT**

   **A.   Under *Thornley*, This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Section 15(c) BIPA Claim.**

In *Thornley*, the plaintiffs alleged only a statutory aggrievement (seeking only statutory, rather than actual, damages) and did not allege some other personal harm beyond a violation of Section 15(c)'s prohibition against profiting from biometrics. *Thornley*, 984 F.3d at 1243 (allegations of Section 15(c) violations stemming from defendant selling access to or otherwise profiting off plaintiffs' biometric data were insufficient to confer Article III standing in federal court). Here, Plaintiff alleges that AWS wrongfully profits from Plaintiff's and other Illinois Wonolo users' facial geometry scans by using the data to integrate with, train, and enhance its own machine-learning and artificial intelligence technologies that it then sells to other third parties. Compl. at ¶¶ 9-10, 33, 39, 44-46, 62, 64, 66, 103-109. And like the plaintiffs in *Thornley*, Plaintiff Redd seeks only statutory, rather than actual, damages for Defendant's alleged violation of Section 15(c). Compl. at ¶¶ 102-110. Thus, Plaintiff only alleges that AWS violated Section 15(c)'s general prohibition against profiting from biometrics. Accordingly, these allegations and

3

assertions of statutory harm alone concern "only a general, regulatory violation" of Section 15(c), and assert an insufficiently particularized or concrete injury to confer federal Article III standing, warranting remand. *Thornley*, 984 F.3d at 1248-49.

Where a district court lacks subject matter jurisdiction over removed claims, the only authorized result is remand to the originating state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded"); *Collier*, 889 F.3d at 897 ("[Section] 1447(c) required the district court to remand this case to state court, because it does not satisfy Article III's requirements"); *Bergquist*, 592 F.3d at 819 (where some parts of a removed case are within federal jurisdiction and others are not, partial remand is appropriate). Numerous other district courts within this Circuit, in other similar BIPA cases, have severed and remanded Section 15(c) BIPA claims for lack of subject matter jurisdiction. *See, e.g.*, *Kashkeesh v. Microsoft Corp.*, No. 21-C-3229, 2022 WL 2340876, at *7 (N.D. Ill. Jun. 29, 2022) (applying *Thornley* and remanding where plaintiff only alleged a "general regulatory violation" of Section 15(c); *Hogan v. Amazon.com, Inc.*, No. 21-C-3169, 2022 WL 952763, at *22 (N.D. Ill. Mar. 30, 2022) (remanding plaintiffs' Section 15(c) claim because "Plaintiffs do not have standing to bring their 15(c) claim … because they cannot show a particularized injury-in-fact); *Patterson v. Respondus, Inc.*, 593 F.Supp.3d 783, 816 (N.D. Ill. Mar. 23, 2022) (remanding Plaintiffs' 15(c) claims because Plaintiffs allege no concrete or particularized harm resulting from a violation of section 15(c)); *Carpenter v. McDonald's Corp.*, No. 21-CV-02906, 2021 WL 6752295, at *10 (N.D. Ill. Nov. 1, 2021) (ruling that the plaintiff's 15(a) and 15(c) claims "are remanded to the Circuit Court of Cook County, Illinois"); *King v. PeopleNet*, No. 21-CV-2774, 2021 WL 5006692, at *5 (N.D. Ill. Oct. 28, 2021) (remanding BIPA

claims under Section 15(a) and 15(c)); *Hazlitt v. Apple Inc.*, 2021 WL 2414669, at *9 (S.D. Ill. Jun. 14, 2021) (severing and remanding Section 15(c) claim to state court).

Accordingly, Plaintiff's Section 15(c) BIPA claims should be severed and remanded back to the Circuit Court of Cook County, Illinois, the originating court from where this case was removed and which has appropriate jurisdiction to adjudicate them.

## V. CONCLUSION

For the foregoing reasons, Named Plaintiff Cynthia Redd respectfully requests that the Court enter an order severing and remanding Plaintiff's claims under 740 ILCS 14/15(c) to the Circuit Court of Cook County, Illinois.

Dated: February 10, 2023               Respectfully Submitted,

                                       /s/ Catherine Mitchell

                                       Ryan F. Stephan
                                       Catherine Mitchell
                                       Mohammed A. Rathur
                                       **STEPHAN ZOURAS, LLP**
                                       100 N. Riverside Plaza
                                       Suite 2150
                                       Chicago, Illinois 60606
                                       (312) 233-1550
                                       (312) 233-1560 *f*
                                       rstephan@stephanzouras.com
                                       cmitchell@stephanzouras.com
                                       mrathur@stephanzouras.com

                                       David A. Neiman
                                       **ROMANUCCI & BLANDIN, LLC**
                                       321 North Clark Street
                                       Suite 900
                                       Chicago, Illinois 60654
                                       (312) 458-1000
                                       (312) 458-1004 *f*
                                       dneiman@rblaw.net

                                       ***Attorneys for Plaintiff and the***
                                       ***Putative Class Members***

**CERTIFICATE OF SERVICE**

    I, the attorney, hereby certify that on February 10, 2023, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

                                                                                                              */s/ Catherine Mitchell*