IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CYNTHIA REDD, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMAZON WEB SERVICES, INC.,

Defendant.

Case No. 1:22-cv-06779

Hon. Elaine E. Bucklo

**AMAZON WEB SERVICES, INC.'S OPPOSITION TO PLAINTIFF CYNTHIA REDD'S MOTION TO REMAND**

Plaintiff Cynthia Redd asks this Court to remand her claim under Section 15(c) of the Illinois Biometric Information Privacy Act ("BIPA"). She argues that her Section 15(c) claim alleges nothing more than a "general" and "procedural" "statutory harm," not the concrete and particularized injury needed to support Article III standing. Dkt. 24 ("Mot.") at 1, 4. But Ms. Redd's Complaint tells a very different story. Her Complaint explicitly alleges that, by failing to comply with Section 15(c), Amazon Web Services, Inc. ("AWS") further "violated [her] *substantive* privacy interests" and undermined her "statutor[ily] protected right[] to control the collection, use, and storage" of her biometric data. Dkt. 1-1 ("Compl.") ¶¶ 45, 109 (emphasis added). Because those purported injuries are more than enough to support Article III standing, Ms. Redd's motion should be denied.

Moreover, as explained in AWS's pending motion to dismiss, Ms. Redd has failed to carry her burden of establishing this Court's personal jurisdiction over AWS in this case. *See* Dkt. 17 at 5-7; *see also* Dkt. 29 at 2-7. Thus, even assuming the Court lacks subject matter jurisdiction over Ms. Redd's Section 15(c) claim (which is untrue), the right remedy is to grant AWS's motion to dismiss all of Ms. Redd's claims for lack of personal jurisdiction, including Ms. Redd's Section 15(c) claim, and deny Ms. Redd's motion to remand as moot. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585-88 (1999).

## BACKGROUND

### A. Procedural History

Ms. Redd filed this case in state court on September 1, 2022. *See generally* Compl. AWS timely removed the case on December 2, 2022. *See* Dkt. 1. On January 17, 2023, AWS moved to dismiss all of Ms. Redd's claims under Federal Rule of Civil Procedure 12(b)(2) (for lack of personal jurisdiction) and under Federal Rule of Civil Procedure 12(b)(6) (for failure to state a claim). *See* Dkt. 17. In response, Ms. Redd opposed AWS's motion to dismiss each of her claims except her Section 15(c) claim, which she simultaneously moved to remand. *See* Dkts. 23, 24. AWS's motion to dismiss is fully briefed. *See* Dkts. 17, 23, 29.

**B. Ms. Redd's Claims**

Ms. Redd's claims against AWS are based entirely on her use of a mobile job placement service offered by non-party Wonolo, Inc. *See* Compl. ¶ 2. Wonolo "provides an on-demand web-based staffing platform" that helps job seekers connect with employers. *Id.* Ms. Redd alleges that she signed up for Wonolo in May 2020, at which time Wonolo required her to upload an image of her face via the Wonolo application. *See id.* ¶ 54. She further alleges that, upon accepting positions via the Wonolo application, Wonolo required her to submit additional images of her face "at a Wonolo device located at the customer-employer jobsite location." *Id.* ¶¶ 55-56.

According to Ms. Redd, Wonolo contracted with AWS for certain back-end services. *See id.* ¶ 3. Specifically, Ms. Redd alleges that Wonolo hired AWS to "host data from [Wonolo's] job placement application" and to provide "software services, including, but not limited to, [AWS's] Rekognition program." *Id.* ¶ 4. In addition, Ms. Redd claims Wonolo used AWS's Rekognition service to "detect, identify and/or verify [her] identity for purposes of tracking her time worked." *Id.* ¶¶ 56-58. To be clear, Ms. Redd does not allege that AWS played any role in Wonolo's verification process beyond allowing Wonolo to use the Rekognition service. She does not even allege AWS knew of Wonolo's activity. Nevertheless, Ms. Redd claims AWS should be held liable under BIPA merely because (1) AWS provided back-end cloud services to Wonolo and (2) Wonolo allegedly used those services to collect Ms. Redd's biometric data.[1]

Most relevant here, Ms. Redd alleges that AWS violated Section 15(c) of BIPA, which prohibits "sell[ing], leas[ing], trad[ing], or otherwise profit[ing]" from Illinoisans' biometric data. 740 ILCS 14/15(c). In particular, she claims AWS profited from her biometric data by using that data to "enhance and train [AWS's] machine learning and AI technologies, including but not limited to Amazon's Rekognition technology, which are marketed and sold to businesses, governmental entities, and other organizations." Compl. ¶ 108.

[1] For brevity, AWS refers collectively to "biometric identifiers" and "biometric information," as defined by BIPA, as "biometric data." In so doing, AWS does not concede and affirmatively denies that it collected, obtained, possessed, disclosed, or profited from Ms. Redd's or any putative class member's biometric data.

## ARGUMENT

### A. The Court Has Subject Matter Jurisdiction Over the Section 15(c) Claim

Ms. Redd argues that her Section 15(c) claim should be remanded because it does not allege any "particularized or concrete injur[ies]" sufficient "to confer federal Article III standing." Mot. at 4. She is wrong.

Where, as here, a motion to remand "refers to [a plaintiff's] allegations, rather than to evidence," the Court "tests whether the allegations [in the complaint], taken as true, support an inference that the elements of standing exist." *Garner v. Buzz Finco LLC*, No. 3:21-cv-50457, 2022 WL 1085210, at *1 (N.D. Ill. Apr. 11, 2022) (quoting *Prairie Rivers Network v. Dynegy Midwest Generation*, *LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021)). Thus, here, the key question is whether Ms. Redd's Complaint alleges "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1151-52 (7th Cir. 2020) (citation omitted).

The answer is "yes." Ms. Redd expressly alleges at least two concrete and particularized injuries that she personally suffered as a result of AWS's alleged Section 15(c) violation: (1) a further invasion of her own, personal "substantive privacy interests" (i.e., an invasion-of-privacy above and beyond the invasion she suffered as a result of AWS's alleged *collection* of her biometric data), and (2) an infringement of her "statutor[ily] protected rights to control the collection, use, and storage" of her biometric data. Compl. ¶¶ 45, 109. Each of those alleged injuries, standing alone, is sufficient to support Article III standing.

**First,** the invasion of personal and "substantive privacy interests" that Ms. Redd purportedly suffered as a result of AWS's alleged violations of Section 15(c) are sufficient to support standing. *See Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1247 (7th Cir. 2021) (where, as here, a plaintiff alleges that a Section 15(c) violation "amplified the invasion of her privacy that occurred when the [biometric] data was first collected," Article III's injury-in-fact requirements are met); *see also Fox*, 980 F.3d at 1149, 1155 (holding that "a violation of BIPA's provisions regulating the 'collection, storage, and *use*' of biometrics 'is closely analogous to

historical claims for invasion of privacy,'" and, therefore, an allegation of "[t]he invasion of a legally protected privacy right" is "suffic[ient] to plead an injury for purposes of Article III") (emphasis added).

**Second,** as the Seventh Circuit has made clear, Ms. Redd's alleged loss of the right to control her biometric data also supports Article III standing for her Section 15(c) claim. *See Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020) (holding that plaintiff's alleged "loss of the right to control [her] biometric identifiers and information" constituted a sufficient Article III injury), *as amended* (June 30, 2020).

This Court's recent decision in *Warmack-Stillwell v. Christian Dior, Inc.* is instructive. There, the plaintiff asserted various BIPA claims against Christian Dior, a seller of sunglasses, based on Christian Dior's "virtual try-on tool," which "allowed [the plaintiff] to see how defendant's sunglasses would look on her face." *Warmack-Stillwell v. Christian Dior, Inc*., No. 22 C 4633, 2023 WL 1928109, at *1 (N.D. Ill. Feb. 10, 2023), *appeal filed*, No. 23-1468 (7th Cir. Mar. 13, 2023). Notably, the Section 15(c) claim alleged in *Warmack-Stillwell* was virtually indistinguishable from the Section 15(c) claim alleged here. Just as Ms. Redd alleges that AWS violated Section 15(c) by using her biometric data to train the Rekognition service, the plaintiff in *Warmack-Stillwell* alleged Christian Dior violated Section 15(c) by "using customer biometric data to improve the customers' [virtual try-on] experience on [its] website." *Id*. at *3 (internal quotation marks omitted).

Christian Dior moved to dismiss all the plaintiff's claims, including the Section 15(c) claim, for lack of Article III standing. This Court denied the motion. Most relevant here, this Court held that the plaintiff adequately alleged a concrete and particularized injury sufficient to support standing for her Section 15(c) claim by alleging exactly the same harm alleged by Ms. Redd in this case: the "unknowing loss of control of [the plaintiff's] most unique biometric identifiers." *Id.* This case calls for the same conclusion.

Hoping to avoid that result, Ms. Redd relies heavily on the Seventh Circuit's decision in *Thornley v. Clearview AI, Inc*. *See* Mot. at 3-5. She argues that, like the Section 15(c) claim at

issue in *Thornley*, her Section 15(c) claim must be remanded because it "concern[s] 'only a general, regulatory violation.'" *Id.* at 4.

Ms. Redd's argument is based on a misreading of *Thornley*—and her own Complaint. *Thornley* did not establish a blanket rule under which Section 15(c) claims for statutory damages alone never trigger federal courts' jurisdiction, as Ms. Redd seems to suggest. *See* Mot. at 3, 4. Rather, *Thornley* makes clear that "allegations matter." *Thornley*, 984 F.3d at 1246. Thus, while "[o]ne plaintiff may fail to allege a particularized harm to himself," another "may assert one." *Id.* In *Thornley*, the plaintiff *explicitly alleged* that she did not "suffer[] any injury as a result of the violations of Section 15(c) of BIPA other than the statutory aggrievement alleged." *Id.* at 1246. It followed that plaintiff lacked Article III standing to pursue that claim in federal court. But as the Seventh Circuit emphasized in reaching that result, "a different complaint" could support standing for a Section 15(c) claim if, for example, the plaintiff alleged "the collector [of data] has deprived her of the opportunity to profit from her biometric information" or that the defendant's actions "amplified the invasion of her privacy that occurred when the data was first collected." *Id.* at 1247. That is precisely what Ms. Redd alleges in this case.[2]

As a result, *Thornley* undermines rather than supports Ms. Redd's argument. Unlike the complaint in *Thornley*, Ms. Redd's Complaint does not disclaim any concrete and particularized injury. To the contrary, it alleges precisely the types of injuries *Thornley* deemed sufficient for Article III purposes. *See Warmack-Stillwell*, 2023 WL 1928109 at *3 (plaintiff's allegation of loss of control over her biometric data was the "type of allegation [that was] lacking from cases like *Thornley*"); *cf.* Mot. at 3 (conceding that where, as here, a plaintiff "allege[s] some other personal harm beyond a violation of Section 15(c)'s prohibition against profiting from biometrics," then there is Article III standing for a Section 15(c) claim). The Complaint's specific allegations of concrete and particularized injuries also distinguish this case from the

[2] As the concurring opinion in *Thornley* put it: the alleged "misuse of a person's biometric information" is the "modern version of the[] traditional injuries" of "invasion of privacy and unjust enrichment," which are sufficient to "establish standing." *Id.* at 1249 (Hamilton, J., concurring).

other cases cited in Ms. Redd's motion to remand, all of which involved nothing more than bare allegations of statutory violations. *See Hogan v. Amazon.com, Inc.*, No. 21 C 3169, 2022 WL 952763, at *7 (N.D. Ill. Mar. 30, 2022) (remanding Section 15(c) claim where, unlike here, the plaintiffs "fail[ed] to plead facts showing how they were affected"); *Kashkeesh v. Microsoft Corp.*, No. 21 C 3229, 2022 WL 2340876, at *3 (N.D. Ill. June 29, 2022) (alleging simply that defendant profited from biometric data, without alleging any specific injuries to the plaintiff); *Patterson v. Respondus, Inc.*, 593 F. Supp. 3d 783, 816 (N.D. Ill. Mar. 23, 2022) (same); *Hazlitt v. Apple Inc.*, 543 F. Supp. 3d 643, 650-62 (S.D. Ill. 2021) (same); *Carpenter v. McDonald's Corp.*, No. 1:21-cv-02906, 2021 WL 6752295, at *4-5 (N.D. Ill. Nov. 1, 2021) (same).

Ms. Redd cites one case in which the court remanded a Section 15(c) claim despite the plaintiff's claim that the defendant invaded her privacy rights. *See King v. PeopleNet Corp.*, No. 21 CV 2774, 2021 WL 5006692, at *5 (N.D. Ill. Oct. 28, 2021). Apart from being an outlier, *King* is easily distinguished. In *King*, the invasion-of-privacy allegations were entirely boilerplate. As a result, the complaint in *King* did not make clear—as Ms. Redd's Complaint *does* make clear—that the "Plaintiff's" own personal and "substantive privacy interests" were allegedly invaded. Compl. ¶ 109. Equally important, the plaintiff in *King* did not allege she was deprived of the right to control her biometric data. Here, in contrast, Ms. Redd has explicitly alleged that form of injury, which is sufficient to support standing for her Section 15(c) claim. *See, e.g.*, *Warmack-Stillwell*, 2023 WL 1928109, at *3 (allegation that "defendant impacted plaintiff's ownership over and ability to control [her biometric] data" was sufficient to support standing for plaintiff's Section 15(c) claim).

Simply put, Ms. Redd's Complaint adequately alleges concrete and particularized injuries sufficient to satisfy Article III and support standing for her Section 15(c) claim. Her motion to remand should therefore be denied.

### B. The Court Lacks Personal Jurisdiction Over AWS

Even if the Court disagrees and concludes that it lacks subject matter jurisdiction over Ms. Redd's Section 15(c) claim, it does not follow that the Court should grant Ms. Redd's

motion to remand. Instead, the Court should deny Ms. Redd's motion to remand—which implicates only one of Ms. Redd's four BIPA claims—because Ms. Redd has failed to carry her burden of establishing the Court's personal jurisdiction over AWS in this case. *See* Dkt. 17 at 5-7; *see also* Dkt. 29 at 2-7.

A federal court has leeway "to choose among threshold grounds for denying audience to a case on the merits." *Ruhrgas AG*, 526 U.S. at 585; *see also Concert Health Plan Ins. v. Hous. Nw. Partners, Ltd.*, 692 F. Supp. 2d 1002, 1003 (N.D. Ill. 2010) (same). "Though subject-matter jurisdiction generally should be considered before personal jurisdiction, a district court may dismiss for lack of personal jurisdiction without determining whether subject-matter jurisdiction exists." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 n.2 (7th Cir. 2000) (citation omitted). Courts routinely exercise this discretion to "promote judicial economy." *In re Testosterone Replacement Therapy Prod. Liab. Litig. Coordinated Pretrial Proc.*, 164 F. Supp. 3d 1040, 1046 (N.D. Ill. 2016). As the Supreme Court has explained, prioritizing the decision on personal jurisdiction is particularly appropriate where the "district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law," while "the alleged defect in subject-matter jurisdiction raises a difficult and novel question." *Ruhrgas*, 526 U.S. at 588.

Here, judicial economy weighs strongly in favor of granting AWS's motion to dismiss for lack of personal jurisdiction and denying Ms. Redd's motion to remand as moot. If the Court remands Ms. Redd's Section 15(c) claim for lack of subject matter jurisdiction but dismisses the remaining claims for lack of personal jurisdiction, then the parties will be forced to re-litigate the personal jurisdiction issue in state court (albeit only with respect to the Section 15(c) claim). *See, e.g.*, *Harlem Ambassadors Prods., Inc. v. ULTD Ent. LLC*, 281 F. Supp. 3d 689, 692-93 (N.D. Ill. 2017) (explaining that a "federal court sitting in diversity may exercise personal jurisdiction over an out-of-state defendant to the extent that a court of the state in which it sits could exercise such jurisdiction") (citation omitted). Requiring the parties to undergo a second, duplicative

proceeding would be a waste of judicial resources given that no court in Illinois—state or federal—could exercise personal jurisdiction over AWS in this case.

Moreover, the lack of personal jurisdiction presents the most straightforward issue for this Court. Simply stated, Ms. Redd has not alleged or established that AWS in any way targeted Illinois. *See* Dkt. 17 at 5-7; *see also* Dkt. 29 at 2-7. And as the Supreme Court and the Seventh Circuit have made clear, the mere fact that Ms. Redd chose to interact with an AWS customer (Wonolo) in Illinois is not enough to exert personal jurisdiction over AWS. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) ("Contacts between the plaintiff or other third parties and the forum do not satisfy this requirement.") (citations omitted), *as corrected* (May 12, 2014); *see also Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.") (citation omitted). Reaching that conclusion does not require answering any "complex question[s]" of law, including questions about the scope of federal courts' power to hear different varieties of BIPA claims. *Ruhrgas*, 526 U.S. at 588; *see also Livingston v. Hoffmann-La Roche Inc.*, 293 F. Supp. 3d 760, 765 (N.D. Ill. 2018) (dismissing case on personal jurisdiction grounds without analyzing subject matter jurisdiction where the "personal jurisdiction issue raised . . . [was] straightforward and d[id] not present 'a complex question of state law'") (citation omitted).

## CONCLUSION

For the foregoing reasons, AWS respectfully requests that the Court deny Ms. Redd's motion to remand.

Dated: March 15, 2023

AMAZON WEB SERVICES, INC.

By: */s/ Ryan Spear*
Ryan Spear

Ryan Spear
Nicola C. Menaldo
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Fax: 206.359.9000
Email: RSpear@perkinscoie.com
Email: NMenaldo@perkinscoie.com

Kathleen A. Stetsko
**Perkins Coie LLP**
110 N Upper Wacker Dr Suite 3400,
Chicago, IL 60606
Telephone: 312.324.8400
Fax: 312.324.9400
Email: KStetsko@perkinscoie.com