IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cynthia Redd, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Amazon Web Services, Inc., <br><br> Defendant. | No. 22 C 6779 |

Memorandum Opinion and Order

Plaintiff Cynthia Redd filed this putative class action in Illinois state court against Amazon Web Services, Inc. ("AWS"), alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* AWS timely removed the suit to federal court and seeks to dismiss the complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) or, alternatively, for failure to state a claim under Rule 12(b)(6). At the same time, Redd seeks remand of her claim under Section 15(c) of BIPA to state court, asserting that she lacks Article III standing to litigate that claim in federal court. For the following reasons, I grant AWS's Rule 12(b)(2) motion to dismiss and do not reach the parties' arguments for dismissal under Rule 12(b)(6) or for remand of Redd's Section 15(c) claim.

I.

In her remand motion, Redd argues that she pleads only a procedural violation of Section 15(c) and that she consequently fails to meet the injury-in-fact requirement for Article III standing. In other words, she maintains that federal courts lack subject-matter jurisdiction over that claim. *See Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057 (7th Cir. 2018) ("Standing is an element of subject-matter jurisdiction in a federal civil action."). In its motion, AWS argues for dismissal of Redd's complaint for lack of personal jurisdiction. When confronted with concurrent motions implicating both subject-matter jurisdiction and personal jurisdiction, a federal court can decide for itself in which order to address them. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)); *see Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006) ("[T]here is no priority between subject-matter jurisdiction and personal jurisdiction."). Because a ruling for AWS on personal jurisdiction grounds would obviate the need to consider the remand motion entirely, I opt to resolve the Rule 12(b)(2) motion first.[1]

---

[1] AWS's motion for dismissal under Rule 12(b)(6) can only be considered after resolution of the jurisdictional motions. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

In a diversity case, "[t]he court's exercise of jurisdiction over the defendant must be authorized by the terms of the forum state's personal-jurisdiction statute and also must comport with the requirements of the Fourteenth Amendment's Due Process Clause." *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012) (citing *Tamburo v. Dworkin*, 601 F.3d at 693, 700 (7th Cir. 2010)). Because Illinois allows for personal jurisdiction to the full extent consistent with due process, the federal constitutional and state statutory inquiries merge. *See Tamburo*, 601 F.3d at 700 (citations omitted). "The plaintiff has the burden of establishing personal jurisdiction, and where, as here, the issue is raised by a motion to dismiss and decided on the basis of written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (citing *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). I "take as true all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff." *Id.* (citing *Purdue Rsch. Found.*, 338 F.3d at 782).

Jurisdiction may be general or specific, but only specific jurisdiction is at issue here. AWS is subject to specific personal jurisdiction if: (1) AWS purposefully availed itself of the privilege of conducting business in Illinois, or purposefully directed its activities at Illinois; (2) the alleged injury arose

3

from AWS's forum-related activities; and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Felland*, 682 F.3d at 673 (citations omitted). The relevant contacts between the defendant and the forum state "must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984)).

## II.

According to the complaint, AWS provides cloud computing services and is registered to do business in Illinois. Complaint, Dkt. No. 1-1 ¶¶ 1, 23, 25. AWS markets and sells a program called "Rekognition," an image-recognition technology, to businesses and other entities. *Id.* ¶ 4. Wonolo, Inc. ("Wonolo") offers a mobile application (also called "Wonolo") that individuals use to apply for and accept temporary jobs in various industries such as retail, delivery services, event staffing, and more. *Id.* ¶ 2. Wonolo contracted with AWS to host its app data and "retained AWS for its software services, including . . . Rekognition." *Id.* ¶ 3.

Wonolo users are required to upload an image of their face and have their facial geometry scanned to enroll in the "AWS-hosted Wonolo worker database." *Id.* ¶ 40. After accepting a temporary job placement, Wonolo users "check in" at the jobsite by scanning their face on a Wonolo device at the jobsite. *Id.* ¶¶ 42,

4

56. Users' biometrics from the scan are compared to the biometrics from the image on file for identity verification purposes. *Id.* ¶ 43. AWS allegedly collects, stores, possesses, and uses Wonolo users' biometric data--both that received from the user's initial scan when registering for the app and from subsequent scans at jobsites--to improve its own technology. *Id.* ¶¶ 41, 44.

Redd uploaded her image to Wonolo in May 2020 and used the app to accept jobs at several locations in Illinois. *Id.* ¶¶ 54-55. Each time she accepted a job through Wonolo, she was required to scan her facial geometry on the app and later at a Wonolo device at the jobsite "so that AWS and Wonolo could detect, identify and/or verify Plaintiff's identity for purposes of tracking her time worked." *Id.* ¶ 56; *see id.* ¶¶ 60-61. "Through hosting and networking Wonolo's worker database, AWS scanned, collected, possessed and used [Redd]'s facial geometry." *Id.* ¶ 57; *see id.* ¶¶ 58-59, 61.

### III.

Redd first argues that AWS's jurisdictional attack is inadequate because AWS "does not, as it must, offer any sworn statements, authenticated documents or information that would establish a factual dispute as to jurisdiction and provide an evidentiary basis for dismissal." Resp., Dkt. No. 23 at 10. Redd misunderstands the burden on a Rule 12(b)(2) motion. Though true that a plaintiff need not plead facts alleging personal

jurisdiction, once a defendant challenges the existence of personal jurisdiction, the plaintiff bears the burden of establishing it. *Tamburo*, 601 F.3d at 700 (citation omitted).

Taking the facts alleged in the complaint as true, I conclude that Redd has failed to make a prima facie showing of personal jurisdiction. It is not enough that Redd was affected by AWS's conduct in Illinois because "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014); *see Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014), *as corrected* (May 12, 2014) (rejecting the view that personal jurisdiction obtains where a defendant could foresee that its conduct would harm plaintiffs in the forum). Rather, Redd must show that AWS purposefully directed its activities at Illinois, and "the relationship among the defendant, the forum, and the litigation must arise out of contacts that the 'defendant *himself*' creates with the forum state." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 396 (7th Cir. 2020) (emphasis in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Aside from registering to do business in Illinois, the only alleged link between AWS and Illinois runs through Wonolo. But "[c]ontacts between . . . third parties" like Wonolo "and the forum do not satisfy" the requirements for personal jurisdiction. *Advanced Tactical*, 751 F.3d at 801 (citing *Walden*, 571 U.S. at

6

284). It is possible for a defendant to establish the requisite contacts via a third party so long as the defendant itself targets the forum through that third party, but allegations to that effect are absent here. The allegations here reveal only that AWS provided its Rekognition technology to Wonolo, which then used that technology in Illinois. That is the type of "random, fortuitous, or attenuated" contact that the Supreme Court has cautioned cannot give rise to personal jurisdiction. *Burger King*, 471 U.S. at 475 (citation and internal quotation marks omitted). Without some indication that AWS itself targeted Illinois, it cannot be subjected personal jurisdiction here. *See McGoveran v. Amazon Web Servs., Inc.* ("*McGoveran I*"), 488 F. Supp. 3d 714, 723 (S.D. Ill. 2020) (dismissing case for lack of personal jurisdiction where third party chose to use AWS's product to collect biometric information, but there was no indication AWS itself had formed contacts with Illinois).

Because Redd has failed to make a prima facie showing of personal jurisdiction, she is not entitled to the limited jurisdictional discovery she requests. *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) ("At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." (citation omitted)).

7

III.

For the foregoing reasons, AWS's motion to dismiss for lack of personal jurisdiction is granted. Redd's motion to remand is denied as moot.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: May 17, 2023